Good morning, and may it please the Court, Jeffrey Crisp for the Appellant, Beacon Talent Agency, Inc. And I would like to reserve three minutes of my time for rebuttal. Watch the clock and remember it counts down. I will. Thank you. In this case, the lower federal district court took a state court judgment and essentially rewrote it. And as this court has stated in its decision in the Robinson-Rancheria case, which is cited in the appellant's brief, it cannot. And while the lower court did not actually void the entire state court judgment, what it did was excise that portion of it, dealing with the punitive damages, and then reversed the bankruptcy court's ruling, granting the motion for summary judgment in favor of Beacon. So the central issue that's been presented is, in reversing the judgment of the bankruptcy court, did the lower federal district court exceed its jurisdiction when it voided the punitive damages awarded as part of that underlying state court judgment? Do you dispute that the punitive damages, because they were not sought before default, didn't comply with state law? We do dispute that, Your Honor. Tell me why the judge was wrong in finding that. Because, first of all, because it was the federal district court judge. I know you've got a separate argument about his ability to do that. I'm asking as a matter of state law. Because? As I read the state law, it's rather clear. Damages, punitive damages must be noticed. Two days' notice is not enough, one case tells us. We don't know what the appropriate notice is. Before default is entered, that was not the case here, correct? That's correct. However, the opportunity wasn't given for Beacon and the underlying state court case to present issues that would show that there may have been other circumstances where that wasn't necessary in that case. And, in fact, it was never brought in front of the state court. There was never an appeal of that portion of the default judgment. I understand it was never appealed. My question is, for federal bankruptcy purposes, when you have a punitive damages judgment that has been obtained not in compliance with state law, tell me what case instructs us that the district judge may not void or disregard that part of the judgment. Because you have the opportunity under California Code of Civil Procedures, Section 473D, to present those issues to the court. But your client never did that, right? No, it wasn't up to my client. I understand. It was up to Bass. I understand. But let's just take it. Had the state court judgment existed the way it does and had Mr. Bass appealed it, he would have been able to undo the punitive damages portion of the case, would he not? Perhaps, because 473D says the court may on motion of either party and after notice to the other party set aside any void judgment or order. So there was no guarantee, especially considering the amount of time that had passed between the time the judgment was entered and when this was brought forth for the very first time to the district court. So the court may have set it aside and declared it void, but they may not have done so. There's two things there, and that's what I'm trying to focus on. The statute says the court may set aside a void judgment. I'm focusing on the last part of this. Isn't this a void judgment because the punitive damages were not sought before default? It is not necessarily a void judgment. I think that has to come from the state court, Your Honor, or through the appeal process after the state court decision is entered. It's not void, it's voidable, because there was something done in excess of the jurisdiction of the court based on that statute, the 580 statute under the Code of Civil Procedure. So it's voidable, not void. And I think there's been a lot of distinctions made about that very distinction, void versus voidable in the case law. And there was some citation in the opening brief with respect to Mr. Witkin's take on that, saying, look, it may have been in excess of the jurisdiction of the court to award those punitive damages, but it's not necessarily void. So there's the distinction between fundamental jurisdiction to look at a case over the parties, over the subject matter, versus acting in excess of the jurisdiction and awarding something beyond what the statute says. So that makes it voidable, not void. Are you pressing still on appeal your arguments that wholly apart from the punitive damages award, the default judgment on the merits, if you will, establishes non-dischargeability? Yes. On those, why isn't the district judge correct in saying that because it's a default judgment, there's no issue preclusion? The California standard for the various things that it would take to make non-dischargeability, I think it was under what, A4 and A6? Yes. Were not met. Except when he did that, Your Honor, it was not met because the district court judge said punitive damages had to be stricken. You misunderstand my question. I'm sorry. Let's assume there were no punitive damages award in this case. Are you contending that the default judgment by itself established non-dischargeability? Yes. Okay. Tell me why the judge was wrong then in saying that California law is not, is broader than the Federal law with respect to the items in A4 and A6. California law is broader with respect to those items. However, when you have the punitive damages. We're missing each other. I'm sorry, Your Honor. I was not trying to miss you. Assume there was no punitive damages award. All there was was a default judgment. You think under those circumstances would this be a non-dischargeable debt? Yes, because Judge Russell, the bankruptcy judge, looked at those factors considering not only the default judgment itself, and we can put aside the punitive damages portion. Well, I know he looked at them, but the district judge then said on appeal, if you will, he was wrong because the California law is broader than the definitions in A4 and A6 that would make non-dischargeability. Tell me why you think the district judge was wrong in saying that. Well, I would have to do that in the abstract then, Your Honor, and I apologize that it has to be in the abstract because we can't disassociate ourselves from the fact that there was a punitive damages award. And if you can't, then if you're wrong about the punitive damages award, you lose, right? I don't want to say I lose, but that may be what happens. I'm asking you if you have an independent argument for non-dischargeability other than the punitive damages award. Not without the punitive damages. Okay, that's fair. That's all I'm trying to find out. All right. Okay, I think we understand your argument on that, so continue if you want or save time. That's what I have, Your Honor. It's all based on the fact that Judge Selma in the federal district court down below struck the punitive damages and even put in his ruling under footnote 5, if the punitive damages were here, then everything is met. All the elements of the intent are necessary in order to find these non-dischargeable impacts. And I don't think that's disputed on the other side, but I don't think that's disputed in this case. I think the punitive damages award, if it's valid, establishes non-dischargeability because it establishes malice. Correct. We've got some case law that says that. So that's the centerpiece of your case. Correct. You're focusing only on that. Correct. And that is by excising that portion and doing something which the Robinson court says the district court couldn't do, and that is void a state court judgment or even look at it, interpret it as if it were on appeal, then he exceeded his jurisdiction. And so that's why the district court's decision must be reversed, Your Honor. Judge Gould, before Mr. Christensen sits down, do you have any questions? Thank you. No, I have no questions. All right. Why don't you save the rest of your time for rebuttal. Thank you. Yes, Your Honor. Mr. Hayes. Good morning, Your Honors. Thank you. May it please the court. I'm John Hayes. I have Matthew Resnick with me, my partner, Simon Resnick and Hayes. Your Honor, we obviously agree with the district court. You did make one comment, though, that concerned me a little bit, and I don't think, and I think it's fairly clear from a fairly new case, that the fact that punitive damages were awarded, even if it wasn't a void order awarding punitive damages, the punitive damages by itself doesn't establish the amount of willful and malicious needed to come up with a, to have a nondischargeable debt. Now, I don't know how to pronounce it, but what do you do with the Krish-Murthy case? They seem to be, it said any of the three elements for California law of punitive damages, oppression, fraud, or malice, would be enough to establish the A-6 nondischargeability. There's a case, we did send a Rule 28-J letter. Yes, you did. And it's a case called Pilam, P-L-Y-A-M. It's a 530-BR-456-2015, which is almost, I mean, it's really uncanny how consistent those facts are with these facts. Well, this is a Ninth Circuit case that was affirmed, and so my question is, we've affirmed a bankruptcy court opinion that says that any of the elements that are required for punitive damages in California would suffice to establish intent for A-6. There may be a bankruptcy court decision to the contrary, but aren't we required to follow our precedent? No doubt about that. So how do you distinguish that case? I mean, it's cited in the brief, so I didn't find it on my own. The malice, oppression, or fraud, I honestly don't know, Your Honor. Yeah, A-6 says you don't get a discharge for willful and malicious injury by the debtor. Right. And California law for punitive damages requires oppression, fraud, or malice. That would seem to be a very close match to me. Well, I'll jump then to the judgment said, the judgment didn't say willful and malicious injury. It said conversion. I understand, but for punitive damages to be awarded, you must have oppression, fraud, or malice. Do you agree? Yes. And punitive damages were awarded. The judge must have found oppression, fraud, or malice. That would establish non-dischargeability, would it not? No, I still disagree, and here's the reason why, is the judgment again said conversion. Conversion might be dischargeable. It might not be dischargeable. It might be non-dischargeable. I don't think your opponent disagrees on whether the merits portion of the default judgment themselves establish non-dischargeability. He's put all the merits in the punitive damages basket. The judge awarded punitive damages. The judge must therefore necessarily have found one of these three elements, right? Yes, but he might have found it with respect to breach of fiduciary duties. That is not a non-dischargeable debt by itself. Well. We don't know why the judge granted punitive damages. Well, look at A-6. A-6 deals with willful and malicious injury by the debtor. Right. Does it matter whether the willful and malicious injury occurs through conversion or breach of fiduciary duty? Well, it doesn't if that's what it says. That's what it says. But if, for example, if the only cause of action was breach of fiduciary duties and the state court judge said I find that it was breached and I find punitive damages, that's a dischargeable debt. Is it? If the state court judge said you breached your fiduciary duties to somebody, he suffered injury and you did so in a willful, what's the language in A-6? Willful. Willful and malicious manner. And so I'm awarding punitive damages, that would be a non-dischargeable debt, wouldn't it? You're saying that the breach of fiduciary duties would become a willful and malicious injury. If the judge found that and by awarding punitive damages, he would have found it. Yeah, I don't. Well, why don't you concentrate on the issue that you did brief on this one, which is why can a federal district judge in effect blue pencil a state agreement, a state judgment? That's what he did here. Oh, I don't think there's any doubt he can. What case tells me he can? The Matera. The Matera case says that a default judgment awarding damages beyond the court's jurisdiction is void. It's not voidable. It's void. Matera is from what court? That's the state court of appeals. Yeah, and let me just focus my question for you. I have no doubt that a state court on appeal could have said that the punitive damages portion of the judgment is void. But as the judgment came to the federal court, it hadn't been stricken by any state court. Right. So my question is what power does a federal judge, bankruptcy or district court, have to strike the punitive damages portion of the judgment? I don't disagree with that, by the way. I mean, I sort of buy what you're saying. I'm asking. I'm just asking. Is there a case that says that he has that power? Nobody asked the district court to strike that judgment or find it void or declare it void. All we're asking is that he ignore the finding of punitive damages. Fair enough. What case tells me that the federal court can ignore a state court finding simply because a state court could have vacated it on appeal? In other words, your opponent says the district judge here in effect became the state appellate court. That strikes me as a fair analogy. What case tells me he can do that? The case that they cite mostly in their brief, they call it Robinson. It's a long name, and it's Robinson. And in Robinson, and I don't think there's any doubt this is right, in Robinson, the issue of whether that contract was void was actually litigated in the state court. The jurisdiction of the state court to reach that decision was actually litigated in the state court. So I agree completely that the federal court cannot then function as a court of appeals and say that the state court shouldn't have reached the decision it reached. But here we have a case where your client didn't appeal the state court judgment. So there was no occasion for anybody to litigate that in the state court. And it wasn't litigated. The issue of punitive damages was not litigated. They didn't know about it. Okay, so nobody's reviewing a state court judgment here that it's valid or invalid. What I'm struggling with in this case, and I need your help with if you can help me, is finding a case that says the role of a bankruptcy judge or federal judge, district judge on appeal, is to look at the state court judgment and say I won't treat part of it as valid for purposes of dischargeability because a state judge wouldn't have found it as valid if he had to look at it. Is there a case law that says that? You know, not off the top of my head, but it sounds to me like it's part of this concept of collateral estoppel. Collateral estoppel, or issue preclusion, is not binding. The bankruptcy court or the district court has to make the findings for collateral estoppel, and one is that it was actually litigated. There may be claim preclusion here, right? Oh, there's definitely not claim preclusion. There's not? No, because the complaint says, the judgment says conversion. And the judgment says, and by the way, I don't want to forget before my time runs out, that the biggest problem here by a mile is they didn't allocate the damages. The $500,000 of damages could have been all common counts for all we know, which would be discharged. So you have to at least litigate the issue of how much of the damages are because of the willful and malicious injury. But the collateral estoppel, I mean, the judgment is clearly binding. That there was conversion, breach of fiduciary duties, the four things that it says. The fact that it's default doesn't matter. It's binding on the court. It's res judicata. But what they're trying to do is take parts of the judgment and apply those, especially when the parts don't even fit with the bankruptcy code, but they're trying to find the parts. That's collateral estoppel. That's issue preclusion. And that's not binding on the bankruptcy court is not bound, is not required to use the judgment. If it's clear, I'm sure they would, but they're not required. They have to look at what happened in the lower court as far as actual litigation. I mean, it's the same parties, no doubt about it. It's more or less the same facts, no doubt about that. So when the bankruptcy court or the district court is saying, well, this one word here that you're saying is really important, I don't think that there's enough here for me to jump by summary judgment, to jump to the conclusion that you've proven that there's willful and malicious injury. It's not there. I'm not sure what else I might add. And I don't think there's any doubt that the I mean, it's a matter of life. I think even if our client went back to state court now that the award of punitive damages is as a matter of reality void. And therefore, the state court, I mean, the bankruptcy court and the district court have the power to weigh how much that word punitive damages in the judgment should apply towards whether or not it's willful and malicious injury. And what the district court said is I'm going to ignore it completely because the state court would ignore it completely. And as you said, once you ignore the word punitive damages, all you're left with is four things that are that may or may not be dischargeable. I do want to make one last comment before that to me, this is summary judgment. You know, it's really strange to me that they offered absolutely no evidence at all. They didn't show us how the court got to the state court, got to the judgment. They didn't include any of that in the motion. It's rather clear how the state court got to the judgment. Your client didn't show up. Well, you know, I mean, what more should they have done? Well, we don't know what they consider. We don't know what the we don't know what happened when the state court judge said, I find punitive damages. We don't know what he was looking at, what was in front of him. We also they didn't offer any testimony or any evidence, any declarations from anybody other than counsel that here's what happened. Here's what it gives to give the bankruptcy court something to, you know, chew on at least other than the four words in the judgment and the word punitive damages. That's all he had when he was looking at making summary judgment, making a finding that there are no facts that we could possibly have a trial over. Thank you. Counsel, counsel, Judge Gould, if I could interject a question. How do you respond to your colleague's argument on the other side that the problems with punitive damages make that award voidable but not void? You know, I can give you a couple of cases on that. And thank you for asking, Your Honor, because I don't think there's any doubt. I mean, void. There isn't any doubt that they're void. And I have several state court cases that say that. I can give you those. And it's a matter of due process. And there's a case called Greenup. The California Supreme Court said the due process requires, it's a due process, requires that the defendant get noticed before the default is entered so he can figure out whether or not to continue opposing it. There's a case called Twin or Twine, a California court of appeals case that says the plaintiff must precisely follow the rules. I know that doesn't completely answer that it's void as opposed to voidable. But the Matera is a state court case that says the default judgment awarding damages beyond the court's jurisdiction is void. California courts would not enforce the judgment to the extent there's punitive damages because the court didn't have jurisdiction to enter punitive damages because they didn't give notice prior to the default being entered. Okay, thank you. Thank you, Your Honor. Thank you. Jeffrey Crisp again on behalf of Beacon. What's interesting about the Twine case or Matera, they were both state court actions where they didn't like the resulting judgment and they took it up on appeal in the state court. That was proper for them to do. That didn't happen in this case. The question is whether it's collateral attack is that a court foreign to the proceeding, whether it's state or federal, has to decide whether it is bound by that judgment or whether it can be collaterally attacked. That is, not in the same case from the outside. And whether it's state or federal, it's the same rule. So the question is, is it subject to collateral attack or not? It's the same rule for state courts or federal courts. And if a state court could collaterally attack it, a federal court could find that it could be collaterally attacked. It doesn't matter. The feds do exactly what the states do. So you have to establish that this could not be ignored by a state court. I think the Robinson – Have I stated it correctly? Yes, except, Your Honor, we have to go beyond that. And that is the Robinson court, this court said you can't do that. You can't second-guess a state court judgment on its enforceability. Here, there's no state court judgment on its enforceability. You just have a default judgment. If you went out tomorrow – if there were no bankruptcy and tomorrow you went out to execute on that judgment in state court and execute on the punitive damages portion of the judgment, couldn't Mr. Bass show up and say, no, that's a void judgment with respect to punitive damages?  Okay, so to answer Judge Rustani's question, this is a judgment which would be collaterally attackable in state court, correct? Yes, but he has not availed himself of that opportunity to do it. Because he filed for bankruptcy protection. Yes, but he also waited – The question is, can the bankruptcy judge look at this judgment the same way a state court judge would were it brought to him or her? That's the question Judge Rustani's asking. That's what I'm asking. I think the Robinson case says he cannot do that. The Robinson case deals with an issue that was dealt – an issue that was precisely dealt with by the state court. The state court said, we've decided this issue, and Robinson says, federal court, you can't re-decide it. No one has decided the enforceability of this judgment in state court. It is subject to – concede to collateral attack. So the question is, why can't the bankruptcy judge say, all right, it's collaterally attackable and I find that it's void? Except I think there is a difference. In Robinson, there was the issue of whether or not the contract itself was void. And that's when the court said, you can't ask us to void it. We can't void it. And second of all, getting to the issue of whether or not it could be ignored, the Robinson case specifically addressed that and said, look, we can hardly ignore the judgment without first reviewing it and deciding that it was invalid. And were we to ignore it without overturning it, we might create an even more unpleasant spectacle. That is exactly the kind of state-federal conflict that our many prudential doctrines, res judicata and abstention among them, were designed to avoid. So they're saying we can't even look at it and just ignore it. Because to do that means we have to make a determination on whether or not that judgment or that contract was valid. Scalia. Didn't Robinson say, determine that a state court would not find the judgment void, and therefore we can't find it void ourselves? Robinson. No, I don't – the issue wasn't put to them that way. Scalia. Isn't that precisely what the opinion says, that the state court would not find this judgment void and therefore we have no ability to do so ourselves? Robinson. I don't think so. Scalia. Reclusive effect according to state court judgment is the same one that the State would give it. That's what Robinson says. Robinson. But then they didn't make the determination because they said we can't make the determination of whether or not it is void. They said they want us to – they want to seek enforcement of it that says we could then declare the judgment void ourselves, and so we might as well do that forthwith. They said we think not. So they didn't do that. They didn't look at whether or not the state court would have said void or not. They left it alone because they didn't have jurisdiction to consider that argument, Your Honor. Okay, I understand your argument. I'll take another look at Robinson. That's all I have. Thank you. Judge Gould? Thanks. Thank you. This case will be submitted. Thanks, counsel, for their arguments.
judges: Gould, Hurwitz, Restani